[No. 2505.   Oct. 31, 1921.]

## FAIRCHILD v. CLOUDCROFT LUMBER & LAND CO. et al.

### SYLLABUS BY THE COURT.

In the absence of the evidence, the findings of the trial court will be assumed to be correct. First National Bank of Albuquerque v. Staley, 26 N. M. 650, 195 Pac. 514, followed.

Appeal from District Court, Otero County; Ed Mechem, Judge.

Suit by S. W. Fairchild against the Cloudcroft Lumber & Land Company and others. Judgment

for the defendants, and the plaintiff appeals. Affirmed.

E. L. Medler, of El Paso, Tex., for appellant.

Winter, McBroom & Scott, of El Paso, Tex., and E. R. Wright, of Santa Fe, for appellees.

OPINION OF THE COURT.

RAYNOLDS, J. This is a suit brought for an injunction and damages by the appellant, plaintiff below, against the appellees, defendants below, praying for a temporary injunction restraining the defendants from operating and conducting a sawmill on plaintiff's lands, and for maintaining nuisances about the same, blocking the roads, destroying the fences, etc. The complaint prayed for an accounting as to plaintiff's damages and a permanent injunction.

An order to show cause why the temporary injunction should not issue as prayed for was entered, and upon the rule to show cause the defendants filed a verified answer. To certain parts of this answer the plaintiff interposed a demurrer, which was submitted to the court at the same time a hearing was had upon the order to show cause why temporary injunction should not issue. Upon this hearing the plaintiff submitted in support of his application for temporary injunction affidavits, and the defendants submitted documentary evidence and oral proof, which was not reduced to writing and was not made a part of the record below, nor on appeal.

The court after submission of the matter to him took it under advisement, and subsequently entered a judgment denying the plaintiff's right to relief. In this judgment the court found, first, that the defendants had under the contract involved in the controversy the right to erect and maintain sawmills and to use the mill sites for milling purposes; second, to log lumber from adjacent lands, now owned by

the defendants, but not owned by them, or either of them, on February 4, 1918. From these findings the court concluded as follows:

"And it is further ordered and adjudged that said motion and application of the plaintiff for a temporary injunction be, and the same hereby, is denied; and under the conclusion of the court upon the findings so made, the plaintiff as a matter of law upon final hearing hereof would not be entitled to an injunction, the court upon the pleadings adjudges that the plaintiff's complaint is without equity, and defendants should have final judgment upon the pleadings."

From this judgment an appeal is prosecuted to this court.

The controversy arose out of the construction of a warranty deed made by the defendant Cloudcroft Lumber & Land Company to the plaintiff Fairchild, in which the grantor reserved all oil and mineral rights and all merchantable timber upon said lands, together with the rights of ingress and egress to and from the lands, for the purpose of harvesting said timber  *  *  *  and exclusive rights of way for tramroads, log slides, skidder sets, mill sites, camp privileges, etc. It was to restrain the defendants from operating a sawmill upon part of the land so granted that this suit was brought. The appellant assigns as error the action of the court in denying the equitable relief sought by him, and holding, as in the judgment heretofore set out, that his complaint was without equity. This is the principal assignment upon which appellant relies.

At the outset we are confronted with the proposition as shown by the above statement of facts that this is not a case in which judgment is granted to the defendant upon the pleadings, although the language of the trial court above quoted would seem to justify this view. The case as presented here is one which has been tried upon the merits, and after the submission of affidavits and oral testimony, the

court has made findings of fact and conclusions of law. We are asked to review the conclusions of the court based on the findings of fact, but we have not before us the evidence submitted to the court on which these findings were made. It has been often held that in the absence of the evidence the findings of the trial court will be assumed to be correct (First National Bank v. Staley, 26 N. M. 650, 195 Pac. 514), and that findings are conclusive if the record does not contain a transcript of the evidence. Gradi v. Bachechi, 24 N. M. 100, 172 Pac. 188; Jahren v. Butler, 20 N. M. 119, at 127, 147 Pac. 280; U. S. v. Lesnet, 9 N. M. 271, at 281, 50 Pac. 321; Montoya v. Unknown Heirs, 16 N. M. 349, at 376, 120 Pac. 676.

It may be that the complaint did state a cause of action, and, standing alone, contained grounds for equitable relief, but that is not the proposition before us. On trial upon the merits upon evidence submitted, as is shown by the record, the trial judge decided against appellant's contention, and under the decisions above cited and the general presumption in favor of judgments of the courts below, we are bound to assume that the decision was correct, in the absence of evidence in the record before us to the contrary.

For the reasons above stated, the judgment below will be affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.